# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER WARD,

        Petitioner,    :    Case No. 3:24-cv-178

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

PREBLE COUNTY, OHIO, COURT OF
 COMMON PLEAS, PROBATION
 DEPARTMENT,

        :
        Respondent.

## ORDER FOR ANSWER

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought *pro se* by Petitioner Christopher Ward.  The case was randomly assigned on filing to United States District Judge Michael J. Newman and automatically referred to the undersigned under Amended General Order 22-05.

Petitioner seeks release from confinement[1] imposed as part of the judgment of the Preble County Court of Common Pleas in a criminal action.  Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than sixty days

---

[1] Petitioner is on probation after judicial release which is sufficient custody to satisfy the jurisdictional requirements of § 2254.  *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976).

1

from the date of filing of this Order, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases.  Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or the statute of limitations. Respondent may not file a motion to dismiss in lieu of the prescribed answer.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case.  The Court's CM/ECF Procedures Guide provides:

> 1.1 Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into a searchable text PDF document and uploading it into CM/ECF.

(June, 2019, revision; available at www.ohsd.uscourts.gov.)  Compliance with this rule is mandatory and needed for the Court's use of the record.

When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page.  All papers filed in the case thereafter by either party shall include record references to the PageID number.  Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.  The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

As required by Fed.R.Civ.P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may file and serve a reply to the answer not later than twenty-one days after the answer is filed.

The Clerk is directed to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section, c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

June 21, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge