# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER WARD,

        Petitioner,  :  Case No. 3:24-cv-178

  - vs -  District Judge Michael J. Newman
        Magistrate Judge Michael R. Merz

PREBLE COUNTY, OHIO, COURT OF
 COMMON PLEAS, PROBATION
 DEPARTMENT,

                      :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought *pro se* by Petitioner Christopher Ward to obtain relief from his conviction in the Preble County Court of Common Pleas on one count of sexual battery and three counts of gross sexual imposition (Petition, ECF No. 1). On the Court's Order, Respondent has filed the State Court Record (ECF No. 5) and a Return of Writ (ECF No. 6). As provided in the Rules Governing § 2254 Cases, the Court set October 3, 2024, as the date by which Petitioner could file a reply to the Return, but that date has passed and no reply has been filed.

1

**Litigation History**

The Preble County grand jury indicted Petitioner, a former Ohio State Highway patrolman, on charges of sexual misconduct. The Superseding Indictment on which the case was tried charged Ward with sexual battery of Regina Foster (Count One); sexual battery of K.H. (Count Two); gross sexual imposition on E.M. (Count Three); another count of gross sexual imposition on E.M. (Count Four); gross sexual imposition on B.C. (Count Five); gross sexual imposition on M.C. (Count Six); and gross sexual imposition on C.W. (Count Seven).

The assigned Preble County Common Pleas Judge recused himself and the Chief Justice of the Ohio Supreme Court appointed James A. Brogan, a distinguished retired judge of the Ohio Second District Court of Appeals, to preside (State Court Record, ECF No. 5, Exs. 2 & 3). The State Court Record reflects that Judge Brogan continued as the trial judge in this case throughout its course (See Decision and Entry, Feb. 27, 2023, State Court Record, ECF No. 5, Ex. 62). After Judge Brogan was assigned, Ward waived his right to trial by jury. *Id.* at Ex. 14.

The case was tried to the bench and Judge Brogan found Ward guilty on Counts One, Four, Five, and Seven and not guilty on the remaining counts (Entry, State Court Record ECF No. 5, Ex. 17).

Represented by the same attorney who had tried the case, Ward appealed to the Twelfth District Court of Appeals, claiming a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that his convictions were against the manifest weight of the evidence. The appellate court affirmed the conviction. *State v. Ward,* 2021-Ohio-4116 (Ohio App. 12th Dist. Nov. 22, 2021), and Ward did not appeal to the Ohio Supreme Court.

A week after his conviction was affirmed, Ward through counsel filed a second motion for new trial (State Court Record, ECF No. 5, Ex. 32). Judge Brogan denied the motion. *Id.* at Ex. 34. Ward

appealed and the Twelfth District again affirmed. *State v. Ward,* 2023-Ohio-1605 (12th Dist. May 15, 2023)(Copy at State Court Record, ECF No. 5, Ex. 42). The Ohio Supreme Court declined jurisdiction of a further appeal. *State v. Ward,* 171 Ohio St. 3d 1407 (2023).

On July 25, 2022, Ward filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which the trial court dismissed as untimely (State Court Record, ECF No. 5, Exs. 46, 48). The Twelfth District affirmed the dismissal. *State v. Ward*, 2023-Ohio-1606 (12th Dist. May 15, 2023). The Ohio Supreme Court again declined jurisdiction of a further appeal. *State v. Ward*, 171 Ohio St. 3d 1426 (2023).

On February 27, 2023, the trial court granted Ward judicial release and placed him on community control under the supervision of the Respondent for a period of 4 years. (State Court Record ECF No. 5, Exhibit 62).

Ward filed his Petition for habeas corpus relief on June 20, 2024[1], well before expiration of the one-year statute of limitations. Respondent concedes the Petition was timely filed (Return, ECF No. 6, PageID 713).

Ward's Petition is forty-four pages long and formally pleads one ground for relief.

> **GROUND ONE**: The same counsel at trial also did my appeal and I was procedurely [sic] barred from brining [sic] forth issues that would have otherwise proven my innocence.

(Petition, ECF No. 1, PageID 5). Because Ward is proceeding *pro se*, the Court has an obligation to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Having read the Petition carefully, the Magistrate Judge construes it as raising two claims of ineffective assistance of trial counsel: (1) failure to file a motion to suppress his identification by Regina Foster because it was based on only one photograph and (2)

---

[1] Respondent gives the date of filing as June 18, 2024, giving Petitioner credit for depositing the Petition in the prison mailing system on that date. But Ward was not imprisoned on June 18, 2024, and is therefore not entitled to the "mailbox" rule and indeed has no need of it.

3

failure to investigate the background of Rebecca Crank (See Petition, ECF No. 1, at PageID 22 and 37) where the Respondent identifies these as the two claims being made. Because Petitioner never filed a reply, the Magistrate Judge does not know whether he accepts this summary as stating his ground for relief.

## Analysis

Although conceding that the Petition was timely filed, Respondent asserts it is procedurally defaulted by Ward's failure to timely present his ineffective assistance of trial counsel claims to the Ohio courts.

Both of Ward's claims as the undersigned has construed them state claims cognizable in habeas corpus because the Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel in his defense. *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases).

The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328

5

> (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Failure to file a motion to suppress when the motion has a good chance of being granted[2] and the evidence not excluded was important to conviction would satisfy both prongs of *Strickland*. Failure to investigate the credibility of one of the accuser victims in a case such as this could also satisfy both prongs.

Under Ohio law, a claim of ineffective assistance of trial counsel which can be adjudicated on the appellate record must be raised on direct appeal or be barred by *res judicata*. Ward's first claim – failure to file a motion to suppress – could probably have been adjudicated on direct appeal, but no ineffective assistance of trial counsel claim was raised on direct appeal. However, where the same attorney represents a defendant on his direct appeal, a claim of ineffective assistance of trial counsel is not procedurally defaulted because an attorney is not expected to plead his own ineffectiveness. A lawyer cannot be expected to raise his own ineffectiveness. *State v. Carter*, 36 Ohio Misc. 170 (Mont. Cty CP 1973)(Rice, J.) Counsel cannot be expected to make an argument denigrating their own performance because "such an argument . . .threatens their professional reputation and livelihood. *Christeson v. Roper,* 574 U.S. 373 (2015), citing Restatement (Third) of Law Governing Lawyers § 125 (1998).

---

[2] Judge Brogan's later comments about the one-photograph identification make it likely he would have granted a motion to suppress.

Claims of ineffective assistance of trial counsel which are outside the *Perry* rule must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. In this case Petitioner filed such a petition claiming ineffective assistance of trial counsel:

> Trial counsel never filed a motion to suppress the identification procedure that was used by BCI and allowed to be used at trial when said procedure was a violation of the Petitioner· s procedural due process rights afforded to him under the Fourteenth Amendment of the United States Constitution, as well as R.C. § 2933.83. Trial counsel never objected to the unlawful usage of a "one photo" identification and since the same attorney represented Petitioner on appeal, that error could not be raised.
>
> Secondly, there were relation[s] of Brittany Crank that would have testified at trial that Ms. Crank's testimony was not truthful, that she had made statements that she was going to get paid money, and that she has a history of lying, mental illness, deceit, false accusations against others, including her own grandfather, as well as being dishonest to family members. Trial counsel never investigated any of this as it was even brought to his attention concerning Brittany Crank, but said counsel never talked to anyone.

(Petition, State Court Record ECF No. 5, Ex. 46, PageID 442-43).

Ward filed his Post-Conviction Petition on July 25, 2022, and admitted he was filing outside the 365-day statute of limitations for such petitions. *Id.* at PageID 445. He attempted to excuse the late filing by alleging his counsel never advised him of the availability of post-conviction relief. Judge Brogan denied the post-conviction petition on grounds that it was untimely in that Ward had not proved it depended on facts which could not have been discovered in time to file within the statute (Decision, State Court Record ECF No. 5, Ex. 48, PageID 529-30).

The Twelfth District affirmed, noting that Ohio courts lack subject matter jurisdiction to entertain petitions for post-conviction relief unless they come within the exceptions in Ohio Revised Code § 2953.21. Failure of counsel to advise of the existence of post-conviction relief as

a remedy did not excuse the late filing; ignorance of the remedy constitutes ignorance of the law, not of discoverable facts on the merits. *State v. Ward,* 2023-Ohio-1606, ¶¶13-14 (12th Dist. May 15, 2023).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

8

Respondent's procedural default defense satisfies the *Maupin* test. Ohio has a relevant procedural rule: claims of ineffective assistance of trial counsel not available on direct appeal must be brought by petition for post-conviction relief which must be filed within the 365-day statute of limitations. That rule was enforced against Ward by both Judge Brogan and the Twelfth District. The rule is both adequate and independent of federal law: it protects a valid state interest in the finality of criminal judgments and is not dependent on federal law.

As for excusing cause and prejudice, ineffective assistance of counsel can count as cause, but only in a proceeding in which a defendant is constitutionally entitled to the assistance of counsel. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

New evidence of actual innocence of the underlying crime will also excuse a procedural default. *McQuiggin v. Perkins,* 569 U.S. 383, 386-87 (2013). But actual innocence means factual innocence, not legal innocence. *Bousley v. United States,* 523 U.S. 614 (1998). To establish actual innocence a defendant must present new evidence not heard by the finder of fact. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), quoting *Schlup v. Delo*, 513 U.S. 298 at 324 (1995). Ward presented no new evidence in support of his first claim for relief. In support of the second, he provided not new admissible evidence, but leads that might have led to evidence with which to attack the credibility of one of

the victim-witnesses. New leads to possibly impeaching evidence of that sort does not meet the *Schlup* test.

In sum, Ward has not presented persuasive cause and prejudice to excuse his procedural default in not filing his post-conviction petition in time. Respondent's procedural default defense is therefore well taken.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 16, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

10

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #